Argued and submitted September 9, reversed and remanded December 7, 1983

ASHMORE,
*Appellant,*

*v.*

CLEANWELD PRODUCTS, INC. et al,
*Respondents.*

(A8003-01660; CA A26402)

672 P2d 1230

Susan E. Watts, Portland, argued the cause for appellant. On the briefs were Jack Kennedy, and Kennedy, King, Zimmer & O'Malley, Portland.

E. Richard Bodyfelt, Portland argued the cause for respondent Cleanweld Products, Inc.; David H. Williams, Portland, argued the cause for respondent G. I. Joe's, Inc. With them on the brief were Kathryn R. Janssen, Bodyfelt, Mount, Stroup & Chamberlain, and David A. Morrison, and Cosgrave, Kester, Crowe, Gidley & Lagesen, Portland.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

The issue in this tort case is whether plaintiff, a minor, is barred by public policy from suing a manufacturer and retailer for injuries that he sustained as a result of the premature explosion of a bomb he was making using defendants' product. The trial court ruled that he is barred. We disagree and reverse and remand.

Plaintiff, age 15, was seriously injured when a pipe bomb he was making exploded prematurely. One of the components he used in making the pipe bomb was Solidox Pellets, a product manufactured by defendant Cleanweld for use in welding. It was sold to him by defendant G. I. Joe's.

Plaintiff sued in negligence and strict product liability. He alleged, *inter alia,* that defendants were negligent in selling Solidox to a minor, in failing adequately to warn of the dangerous characteristics of their product, in putting the pellets in commerce in violation of Oregon law and in selling a dangerously defective product. The trial court dismissed the case before trial in what the parties have denominated an "order in the nature of a summary judgment." The court stated:

> "Now the basis of my ruling at this time is not going to involve other matters the defendants set up. Although I think it does have—there are a number of problems involved in this case. The basis of my ruling is since this young man has definitely agreed he was violating a law making a pipe bomb this Court is of the opinion that it would be a violation of public policy to allow him to recover for his own acts realizing that he is 15 years of age, but — but subject to the domestic relations court."

In effect, the trial court concluded that, even if defendants were negligent, or the products were abnormally dangerous or were marketed in violation of Oregon law, plaintiff is barred from recovery as a matter of law, despite the legislature's directive that the burden of injuries caused by defective products should be placed on those who manufacture and sell them. *See* ORS 30.920; *see also* Restatement (Second) of Torts § 402A, comment *c* (1977).

The Restatement (Second) of Torts § 889 (1977) states:

"One is not barred from recovery for an interference with his legally protected interests merely because at the time of the interference he was committing a tort or a crime. * * *

"* * * * *

"*comment b.*

"The fact that one is doing an illegal act does not prevent him from maintaining an action for harm caused by the negligence or abnormally dangerous activities of a third person."

Defendant's contention, that there is a strong public policy against the illegal manufacture of explosives, is correct. *See* ORS 480.120 and 480.240. That policy is best effectuated, however, through penal laws. *See, e.g.,* ORS 166.370 and 164.365.[1]

Reversed and remanded.

---

[1] Barring a person who may have violated a criminal statute from seeking civil damages for personal injuries might violate Article I, section 10, of the Oregon Constitution, which provides in relevant part:

"* * * [E]very man shall have remedy by due course of law for injury done him in his person, property or reputation."